IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

K.J., as NEXT
FRIEND for K.D., a minor

        Plaintiff,

v.

ST. JOSEPH SCHOOL
DISTRICT, et al.

        Defendants.

Case No. 5:18-cv-6113

RESPONSE TO ORDER TO SHOW CAUSE

COMES NOW Rebecca M. Randles, attorney for Plaintiffs K.D. and K.J. and hereby responds to the Text Entry requesting Plaintiff to file Answers to Interrogatories or Show Cause why sanctions should not be ordered. As grounds for this Response, Plaintiff's counsel responds as follows:

TIMELINESS OF THIS RESPONSE

1. On or about January 10, 2019, Plaintiff was ordered to file her Answers to Interrogatories propounded by Defendant Siela by January 11, 2019. Counsel was ordered to show cause by January 14 why sanctions should not issue if the Interrogatories were not answered within that time.

2. Unfortunately, that Order was not received when it was sent. On Wednesday, January 9, following deposition, Plaintiff's counsel and her staff compiled the interrogatories propounded by the District. Plaintiff's counsel and her staff worked into the early morning hours of January 10, 2019 because the law office server kept going down. By late evening, January 9, Plaintiff's counsel could no longer work at her station; they completed the discovery at another station before the server crashed it as well. Nonetheless, at approximately 1:00 a.m., the

propounded discovery was served on counsel for the District.  Defendant Siela's discovery could not be completed at that time and an email was sent asking for ten days within which to provide those answers.  At that time, the Court had not yet issued its order regarding discovery.

3. By regular working hours on January 10, the computer system was completely down and no documents could be accessed on the server – where all documents required for complete answers to the Interrogatories and Requests for Production resided.  Further, Plaintiff's counsel's station – where the emails arrive – was completely out of commission on that day.  Plaintiff's counsel was in deposition on that day; the new IT person for the office, began working on the issues that were preventing access to the server.

4. Plaintiff's counsel had a Trustee's meeting at Southwest Baptist University on January 11, 2019, but kept in contact with staff regarding the ongoing IT issues and whether the server could be accessed or emails received.  The IT issues were not resolved by close of business on that day.  A huge snow storm occurred over the weekend, but the IT professional still worked on the server / cloud issues over the weekend.

5. Plaintiff's counsel also had a Response to Summary Judgment due.  It was due on Monday, January 14, 2019.  Because of the server issues, Plaintiff's counsel prepared it at home.  Then, because of power outages caused by the storm, it could not be transferred to the computer at the office electronically.  Instead, counsel printed off the written materials and scanned it.  The scanner kept going off line because the server was sputtering – it would be up for a little while then go down again.  It had to be turned off completely during the middle of the day. Because of the server issues, it took nearly five hours to scan and efile the summary judgment response.  It was finally filed at 4:00 a.m. on Tuesday, January 15.  The efiling was accomplished using Plaintiff's counsel's log in from a remote computer to bypass the server issues.

6.      When Plaintiff's counsel arrived at the office on Tuesday, January 15, her email was working.  At that time, she discovered the Order requiring her to prepare the Interrrogatory answers within twenty-four hours.  While it was not possible to comply with the order of January 10, 2019 because the Order could not be viewed until January 15, 2019, Plaintiff's counsel did provide the Ordered responses within 24 hours of the time that she had the ability to do so.  Accordingly, Plaintiff's counsel requests the Honorable Court to deem as timely the serving of discovery responses on January 16, 2019.

<u>Reasons for Delay in Discovery Responses</u>

7.      Five sets of discovery were served on Plaintiff on November 5, 2019.  At the time that they were served, Plaintiff's counsel was involved in personal issues that necessitated delay in responding.  Plaintiff's mother passed unexpectedly in late October; her funeral was November 3, 2019.  The next day, November 4, 2019, the mother of Plaintiff's Counsel's significant other was moved into hospice.  She died November 5, 209.

8.      Because of the deaths of these loved ones, Plaintiff's counsel was required to spend significant time away from the office.  Deadlines for these five sets of discovery, the summary judgment motion on a companion case and discovery in the H.L. Doe case were impending and had to be moved to accommodate the personal issues, the holidays and management of the calendar.

9.      Nonetheless, these personal issues did not in any way impact the quality of work produced or the schedule of these cases.  In October and November, Plaintiff produced every document in her possession, custody or control regarding the matter.  Plaintiff produced over a thousand pages of documents with her 26(a) disclosure and made very complete disclosures.

10. The disclosures made by Plaintiff are more complete and more thorough than those of defense counsel. The interrogatories of both parties have no new information that was not already produced to them in document form, except the narrative of Plaintiff explaining those documents.

11. In this matter, defendants have suffered no prejudice by the late filing of the discovery responses. Accordingly, sanctions at this time would be inappropriate.

Previous Failures

12. Plaintiff's counsel is well aware that she has gotten a reputation as one who seeks extensions of time too often. It is not from a lack of care, but from a persistent need for perfection – which is elusive and usually impossible. The quality of the work product of Plaintiff's counsel is not an issue; it is the timeliness. Plaintiff's counsel is aware of the timeliness issue and will correct it.

13. In 2018, the timeliness issue was exacerbated by the loss (due to retirement) of her partner and other issues such that the office was overwhelmed by the loss of staffing on the cases. That, too, has been ameliorated by a new calendaring system, referral of cases out of the office and resolution of her partner's remaining cases.

14. Plaintiff's counsel has acted in no way contumacious. 2018 was a very bad year with the loss of Counsel's mother, her significant other's brain aneurysm and loss of his mother, her partner's retirement and downsizing of the office staff but not the work load. Those issues have now all resolved.

Respectfully submitted,

/s/ Rebecca M. Randles
Rebecca M. Randles, MO #40149
Randles Mata, LLC
406 W. 34th Street, Suite 623
Kansas City, Missouri 64111
rebecca@randlesmatalaw.com
ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the below persons via electronic mail on January 17, 2019:

EDCOUNSEL, LLC
Duane A. Martin
dmartin@edcounsel.law
J. Drew Marriott
dmarriott@edcounsel.law
Ryan S. VanFleet
rvanfleet@edcounsel.law
201 North Forest Ave., Ste. 200
Independence, Missouri 64050
(816) 252-9000; (816) 252-9009 fax
ATTORNEYS FOR DEFENDANTS

CORONADO KATZ LLC
Steven F. Coronado
Christopher L. Heigele
Aly Brownlee
14 West Third Street, Suite 200
Kansas City, Missouri 64105
(816) 410-6600; (816) 337-3892 fax
steve@coronadokatz.com
chris@coronadokatz.com
aly@coronadokatz.com
ATTORNEYS FOR DEFENDANTS

*/s/ Rebecca M. Randles*
Attorney for Plaintiff